IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MOHAMMAD SHARIFI, # Z-709,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0264-JB-MU |
| **JOHN HAMM,** *et al.*, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION

Plaintiff Mohammad Sharifi, an Alabama prison inmate who is proceeding *pro se*, filed an action under 42 U.S.C. § 1983.[1] This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), is recommended to be transferred to the United States District Court for the Northern District of Alabama.

Plaintiff is incarcerated at Holman Correctional Facility in the Southern District of Alabama. The addresses provided for Defendants John Hamm, Steve Marshall, and Kay Ivey reflect that they reside in Montgomery, Alabama, in the Middle District. (Doc. 1 at 8-9, PageID.89). The addresses for Defendants Robert Broussard, Bill Starnes, Robert Nance, Lisa Hamilton, and Morris Brown reflect that they reside in Huntsville, Alabama, in the Northern District. As best that the undersigned can discern from

---

[1] Along with the Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees. Given the recommended disposition of this action by this Court, the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

Sharifi's allegations, he is challenging the criminal proceedings against him in Huntsville, Alabama, which resulted in his conviction and sentence of death. (Id. at 11-13, PageID.11-13). Based on the face of the Complaint, no connection exists to the Southern District of Alabama in this action, and thus this action should proceed elsewhere.

A § 1983 action may be brought in

> (1) *a judicial district in which any defendant resides*, if all defendants are residents of the State in which the district is located;
>
> (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2011) (emphases added); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to a court in any other district or division where the action might have been brought. 28 U.S.C. § 1406(a)(1996); *see Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011); *Kapordelis v. Danzig*, 387 F. App'x 905, 906-07 (11th Cir.), *cert. denied,* 562 U.S. 1250 (2011).

Because no connection to this district exists on the face of the complaint, venue is lacking in the Southern District of Alabama. Bearing in mind that a substantial part of

2

the events giving rise to Sharifi's allegations occurred in the Northern District of Alabama, where many Defendants who are connected to those events reside, it appears the Northern District of Alabama would be a proper and convenient District for Sharifi's action to proceed. Considering Sharifi's *pro se* status, it is recommended, in the interest of justice, that his action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).[2]

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is

---

[2] Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 26th day of September, 2022.

/s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**